# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

THE CITY OF WILMINGTON,                    )
a municipal corporation of the             )
State of Delaware,                         )
              Plaintiff,          )
                                        )
    v.                      )
                                        )    C.A. No. 13J-01724
PETER T. KOSTYSHYN, JOHN J.                )
KOSTYSHYN, PATRICIA R.                      )
KOSTYSHYN, MIROSLAW                         )
KOSTYSHYN AND TAX PARCEL NOS.              )
26-034.20-051 & 26-034.20-050,             )
              Defendants.         )

*Upon Defendants' Motion for Reargument*
**DENIED**

*Upon Defendants' Request for Appointment of Counsel*
**DENIED**

*Upon Order of the Commissioner dated August 13, 2015*
**AFFIRMED**

This matter is before the Court upon Defendants' Motion for Reargument and Request for Appointment of Counsel filed on or about August 20, 2015 ("Motion"), and the response of the City of Wilmington in opposition to the Motion. This Order also addresses the Commissioner's report dated August 13, 2105 on the merits. The Court has considered the Superior Court Rules of Civil Procedure; the facts, arguments, and legal authorities set forth in the Motion and opposition; statutory and decisional law; and the entire record in this case.

The Court finds as follows:

1. Plaintiff filed a Writ of Monition pursuant to Wilmington City Code § 4-181 on January 8, 2015. The monition is based on unpaid taxes, water and sewer charges, and vacant registration fees for the properties located at 1129 and 1131 West 4th Street, Wilmington, DE 19804. The properties are contiguous and were thus part of one monition action.

2. The sheriff sale was initially scheduled for April 14, 2015, but was rescheduled to May 12, 2015. On April 12, 2015 and May 7, 2015, Peter Kostyshyn and Patricia Kostyshyn respectively filed Chapter 13 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). The Bankruptcy Court, on or about May 19, 2015, dismissed both bankruptcy cases, with prejudice, and prohibited Patricia and Peter Kostyshyn from filing any further bankruptcy cases for one and two years, respectively. In addition, the Bankruptcy Court issued orders authorizing the sheriff sale to proceed pursuant to applicable state law.

3. The initial redemption period (upon confirmation by the Superior Court) occurred on June 19, 2015. The final redemption period, pursuant to 9 *Del. C.* § 8729, expired on August 18, 2015.

4. On or about August 7, 2015, the Defendants filed in this Court a Motion for Injunction And/ Or Extension of Time for Final Redemption which sought (a) to compel the Sheriff of New Castle County to accept funds to redeem only the property

located at 1131 West 4th Street, Wilmington, DE and (b) to extend the final redemption period. On August 13, 2015, Commissioner Bradley V. Manning issued an Order, which granted the Defendants' first request,[1] but denied the Defendants' request for an extension of the August 18, 2015 final redemption deadline for lack of good cause shown. Specifically, decretal paragraph 4 of the Order provides "[w]ant of funds for Redemption does not constitute 'good cause'—to hold otherwise would allow interminable delay allowing owners to seek multiple continuances while the funds necessary for Redemption were scraped together."

5. Under Superior Court Civil Rule 132, Superior Court commissioners have the power to conduct both dispositive and non-dispositive hearings and to make certain pre-trial determinations and recommendations.[2] The fundamental nature of the subject matter under review—dispositive or non-dispositive—dictates the degree of deference a judge must give to such a determination.[3] Upon review of a commissioner's case-dispositive determination, a judge engages in a *de novo* review.[4] For such case-dispositive determinations, therefore, a commissioner's disposition acts as proposed findings of fact and recommendations and the judge makes a *de novo* determination of

---

[1] Paragraph 2 of the Order permitted the Defendants to redeem 1131 West 4th Street for $43,874.31 or 1129 West 4th Street for $35,317.43.
[2] Super. Ct. Civ. R. 132(a)(3), (4); *New Castle County v. Kostyshyn*, 2014 WL 1347745, at *3 (Del. Super. Ct. April 4, 2014).
[3] *Kostyshyn*, 2014 WL 1347745, at *3.
[4] Super. Ct. Civ. R. 132(a)(4)(iv).

3

those specified portions, proposed findings of fact, or recommendations to which an objection is made.[5]

6. On or about August 20, 2015, Defendants filed the Motion which is the subject of this Order. Though substantially unintelligible, the Motion appears to request reconsideration of Commissioner Manning's Order denying Defendants' request for an extension of the redemption period.

7. Rule 132(a)(iv) states that "[a] judge may reconsider any hearing or pretrial matter under subparagraph (3) only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion." Furthermore, the purpose of a motion for reargument is to afford the trial court an opportunity to correct errors prior to appeal.[6] Reargument should be denied unless the Court has overlooked a controlling precedent or legal principle or has misapprehended the law or facts such as would affect the outcome of the decision.[7]

8. In their Motion, Defendants do not cite any legal principles overlooked by Commissioner Manning or any law or facts misapprehended by the Commissioner which would have affected his ruling. Reargument should be denied unless the Court has overlooked a controlling precedent or legal principle or has misapprehended the

---

[5] *Id.*; *Kostyshyn*, 2014 WL 1347745, at *3.

[6] *Kovach v. Brandywine Innkeepers Ltd.*, 2001 WL 1198944, at *1 (Del. Super. Ct. Oct. 1, 2001).

[7] *Ramon v. Ramon*, 963 A.2d 128, 136 (Del. 2008); *Maravilla-Diego v. MBM Constr. II, LLC*, 2015 WL 5055955, at *1 (Del. Super. Ct. Aug. 27, 2015); *Kovach*, 2001 WL 1198944, at *1.

4

law or facts such as would affect the outcome of the decision.[8]  Reargument is proper only when facts previously submitted to the Court were misapplied in the legal analysis forming the basis of the Court's decision.  To the extent the facts presented by Defendants were previously raised in this matter, Defendants fail to discuss how the Court misapprehended such facts in a manner ultimately affecting the Commissioner's ruling.

9. Furthermore, the Commissioner's denial of the redemption deadline was a reasonable and proper application of the facts and the law, and was well within the Court's authority and discretion.  Pursuant to Wilmington City Code § 4-148, the Court "may for good cause shown extend the time within which the property may be redeemed."  The City Code is silent as to what constitutes "good cause" to extend the redemption deadline and there is no controlling precedent to provide guidance.  In similar contexts, however, courts have held that a statutory redemption period should only be extended under very limited circumstances such as "fraud, mistake, accident or erroneous conduct on the part of the foreclosing officer."[9]  Lack of available funds is not a sufficient basis to extend the deadline.[10]  Here, the Defendants have not alleged any wrongdoing on the part of the City or otherwise articulated any exceptional circumstance that would warrant an extension of the redemption deadline.  Simply

---

[8] *See supra* n. 7.

[9] *In re 210 Roebling, LLC*, 336 B.R. 172, 176 (Bankr. E.D.N.Y. 2005) (internal citations omitted).

[10] *See In re Headley*, 13. B.R. 295, 297 (Bankr. D. Colo. 1981) ("equity is available to protect property rights of the innocent debtor from the wrongful acts of other persons; however, equity does not extend to situations in which the debtor is simply unable to make the payment within the prescribed time.").

requesting additional time in the hope of obtaining the necessary funds does not constitute "good cause" to extend the redemption deadline. As the Commissioner correctly observes in paragraph 4 of his Order, "[w]ant of funds for Redemption does not constitute 'good cause'—to hold otherwise would allow interminable delay allowing owners to seek multiple continuances while the funds necessary for Redemption were scraped together."

10. Defendants are not entitled to appointment of counsel. As a threshold matter, Defendants have not cited any rules or decisional law in support of their position. A party is "required to develop a reasoned argument supported by pertinent authorities."[11] There is not a constitutional, statutory, or common law right to appointment of counsel in a civil matter such as the matter pending before this Court.

**NOW, THEREFORE, this 16th day of October, 2015, Defendants' Motion for Reargument is DENIED; Defendants' Motion for Appointment of Counsel is DENIED; and the Order of the Commissioner dated August 13, 2015 is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

cc:    Prothonotary
       The Honorable Bradley V. Manning

---

[11] *Gonzalez v. Caraballo*, 2008 WL 4902686, at *3 (Del. Super. Ct. Nov. 12, 2008).